UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 1:15-cv-595 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY ADOPTING AND SUPPLEMENTING
THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
(Doc. 6)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on October 20, 2015, submitted a Report and Recommendations. (Doc. 4). Plaintiff objected to the Report and Recommendations. (Doc. 7). As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.

Plaintiff Christopher Foster, an inmate currently incarcerated at the Toledo Correctional Institution ("ToCI") in Toledo, Ohio, initiated this prisoner civil rights action under 42 U.S.C. § 1983 by filing a complaint with this Court without paying the filing fee. (Doc. 1). In the complaint, Plaintiff alleges a variety of claims challenging the

conditions of his confinement at ToCI, his subsequent transfer from ToCI to the Southern Ohio Correctional Facility ("SOCF") for a period of time, and his mistreatment by SOCF staff while he was incarcerated there.

The matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 4). As explained in detail by the Magistrate Judge, Plaintiff is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case, because three prior complaints he filed while he was a prisoner were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. (Doc. 6 at 2). These dismissals prevent Plaintiff from obtaining pauper status in the instant action. Plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."

In his objection, Plaintiff alleges that he "suffer[s] from severe life threatening injuries…and a complete denial of medical aid." (Doc. 7 at 2). He details this alleged "imminent danger" in a proposed amended complaint (which he attached to his objection). (*Id.*, Ex. 1).

"[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing." *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011). Since Plaintiff is currently incarcerated at ToCI, he cannot allege that he is in imminent danger at SOCF. Therefore, in order to proceed with his case in this Court, he must pay the full $400 filing fee.

2

However, Plaintiff may allege sufficient facts to meet the statutory exception with respect to his alleged mistreatment at ToCI. Nothwithstanding that possibility, this Court does not have jurisdiction to determine whether Plaintiff has satisfied the requirement of Section 1915(g), because this Court does not have jurisdiction over claims that arise solely out of his treatment there. ToCI is located in Lucas County, a county that is served by the Northern District of Ohio, Western Division. *See* N.D. Ohio Civ. R. 3.8(a).[1]

The claims contained in the proposed amended complaint relating to incidents and conditions occurring at ToCI are clearly separate and distinct from the incidents and conditions occurring at SOCF, as the former incidents and conditions arose at another location outside this Court's purview, involved different defendants, and stemmed from different conditions and incidents occurring in different time frames. Given both the factual and procedural posture, it is appropriate to order the severance of those claims. Once the claims are severed, they must be transferred to the Northern District, Western Division of this Court under N.D. Ohio Civ. R. 3.8(a), because that is where the rule would have required them to be brought since Plaintiff is subject to the limitations set forth in 28 U.S.C. § 1915(g) and seeks to proceed *in forma pauperis*.

To effectuate this Order, the Clerk shall open a new case in the Northern District and shall file all the documents of record that have been filed thus far in this case in the new case. However, the Clerk shall cause the docket in the new case to reflect as defendants only those parties identified as defendants in the severed cause of action.

---

[1] SOCF is in Scioto County, a county that is served by this Court. *See* S.D. Ohio Civ. R. 82.1(b).

Accordingly, the following claims are severed from this case and transferred to the Northern District of this Court at Toldeo: Plaintiff's claims against ToCI's Warden and "Warden Sheldon," who allegedly "was working at [ToCI in [August] 2014" - which claims are based on the conditions of confinement and the propriety of a variety of incidents that allegedly occurred when Plaintiff was incarcerated at ToCI.

As to the remaining (SOCF) claims before this Court:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **DENIED**;

2. Plaintiff shall pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty days. Failure to pay the $400 fee within thirty days will result in the dismissal of this action; and

3. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED**.

Date: 10/29/15               *s/ Timothy S. Black*
                             Timothy S. Black
                             United States District Judge