UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Christopher Foster,	Case No. 3:15 CV 2256

    Plaintiff,	JUDGE JAMES G. CARR

  v.

                    OPINION AND ORDER

State of Ohio, *et al.*,

    Defendants.

*Pro se* Plaintiff Christopher Foster filed the above-captioned action in the United States District Court for the Southern District of Ohio under 42 U.S.C. § 1983 against the State of Ohio, Toledo Correctional Institution ("ToCI") Warden Coleman, former ToCI Warden Sheldon, Southern Ohio Correctional Facility ("SOCF") Corrections Officer Neff, SOCF Corrections Officer T-Parish, SOCF Corrections Officer Southworth, SOCF Corrections Officer Rardin, and SOCF Institutional Inspector Mahlman.

In the Complaint, Plaintiff alleges he was assaulted at the SOCF and was denied disability accommodations at both ToCI and SOCF. He seeks monetary damages. The Southern District of Ohio severed the claims against the ToCI Warden and the former ToCI Warden and transferred only those claims to the Northern District of Ohio where ToCI is located. They retained the claims against the SOCF Defendants and the State of Ohio.

**I. Background**

Plaintiff alleges he was transferred from ToCI to SOCF after being accused of throwing bodily fluids and possessing drugs. He claims that upon his arrival at SOCF, he was assaulted by Corrections Officers Rardin, Southworth, T-Parish, and Neff. He indicates Warden Morgan and Institutional Inspector Ms. Mahlman had notice of the assault but refused to take action against the officers. He contends he filed a lawsuit in state court and as a result, he was transferred back to ToCI. He asserts claims for false imprisonment, discrimination, violations of the Eighth Amendment and violation of the Americans with Disabilities Act.

On October 20, 2015, Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation suggesting that the Plaintiff's Motion to Proceed *In Forma Pauperis* be denied under 28 U.S.C. § 1915(g). In response to that Report and Recommendation, Plaintiff filed Objections and attached an Amended Complaint.

In the Amended Complaint, Plaintiff alleges John Doe Corrections Officers at ToCI continue to try to kill him. He states they dispersed pepper spray at him. He states he is housed in a cell where he falls and hits his head and arms. He states the cell door is not big enough for a wheel chair but he does not specify his particular disability or explain why he requires a wheelchair. He claims the Corrections Officers tamper with his food. He contends he cannot enjoy recreation or a shower because he does not know if the Corrections Officers will rush in to kill him. He indicates he is reaching out to his masonic associates because they are the only ones that can protect him from danger. He also challenges his continued incarceration, claiming his sentencing order is void because the court lacked authority to order him to be detained in prison.

On October 29, 2015, United States District Judge Timothy S. Black severed the claims against ToCI Warden Morgan and former ToCI Warden Sheldon and transferred just those claims to the Northern District of Ohio. The Southern District of Ohio retained the claims against the remaining Defendants and denied his Motion to Proceed *In Forma Pauperis*.

For the reasons stated below, Plaintiff's Motion to Proceed *In Forma Pauperis* in this Court is denied and this action is dismissed without prejudice.

## II. 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by Affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id*. Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of Appeals for the Sixth Circuit has held that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be

counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ( "[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the Complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the Complaint when deciding whether a prisoner faces imminent danger).

### III. Analysis

As the Southern District of Ohio determined, Plaintiff filed at least three prior cases while incarcerated that were dismissed under 28 U.S.C. § 1915(e). *See, e.g., Christopher Foster v. City of Cincinnati, et al.*, Case No. 1:14-cv-617 (S.D. Ohio June 22, 2015) (Barrett, J.; Bowman, M.J.); *Christopher Foster v. State of Ohio*, et al., Case No. 1:14-cv-668 (S.D. Ohio Nov. 3, 2014)

(Beckwith, J.; Litkovitz, M.J.); *Christopher Foster v. Hamilton Cnty., et al.*, Case No. 1:14-cv-642 (S.D. Ohio Oct. 20, 2014) (Black, J.; Litkovitz, M.J.). The only question remaining is whether Plaintiff alleged he was in imminent danger at the time he filed his Complaint.

Plaintiff's original Complaint focuses on treatment he received at the SOCF. There is very little mention of the Warden or former Warden at ToCI. When Magistrate Litkovitz issued a Report and Recommendation suggesting that the Plaintiff's Motion to Proceed *In Forma Pauperis* be denied under 28 U.S.C. § 1915(g), he filed an Amended Complaint indicating his belief that unknown Corrections Officers at ToCI are attempting to kill him, and he was not given a wheelchair accessible cell. In support of his belief that Corrections Officers are trying to kill him, he indicates they sprayed him with pepper spray. He filed a prior federal court action pertaining to the pepper spray incident and that action is still pending. *See Christopher Foster v. Toledo Correctional Institution, et al.*, Case No. 3:15 CV 404 (N.D. Ohio filed Mar. 3, 2015). Aside from that statement, he does not elaborate on who is trying to kill him, why they are trying to kill him, or how they are making these attempts. He also provides no information on his need for a handicapped accessible cell. There is no indication in the Complaint that he is in imminent danger of serious physical harm.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is denied and this action, insofar as it pertains to ToCI Warden Coleman and former ToCI Warden Sheldon, is dismissed without prejudice pursuant to 28 U.S.C. §1915(g). The remaining claims were severed and are still before the United States District Court for the Southern District of Ohio.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could

not be taken in good faith.[1]  If Plaintiff wishes to proceed with the action, he must pay the full filing fee of $400.00 within thirty days, and must file a Motion to Re–Open Case.  The Motion will not be accepted if it is not accompanied by the full filing fee.  No other documents will be accepted for filing in this case unless the entire filing fee is paid, and a Motion to Re–Open has been granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.